MARK FANG ATTORNEY AT LAW, APC
Mark Fang, Esq., SBN 199073
mfang@markfangapc.com
William G. Short, Esq., SBN 132479
bshort@markfangapc.com
400 Camarillo Ranch Road, Suite 203
Camarillo, CA 93012
Telephone: (805) 383-2788
Facsimile: (805) 388-9488

Attorneys for Unsecured Creditors Wei Dong,
Wenrui Wang, and Zongzhi Hu

**FILED & ENTERED**

**JUL 24 2020**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ghaltchi    DEPUTY CLERK

**CHANGES MADE BY COURT**

# IN THE U.S. BANKRUPTCY COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>GL MASTER, INC.,<br><br>Debtor. | Case No. 2:18-bk-24302-NB<br><br>Chapter 7<br><br>~~[Proposed]~~ **ORDER GRANTING MOTION BY UNSECURED CREDITORS WEI DONG, WENRUI WANG, AND ZONGZHI HU FOR ORDER TO SHOW CAUSE RE: CIVIL CONTEMPT <u>AND DIRECTING (i) DEBTOR, (ii) FREDA WANG, (iii) THOMAS POLIS, (iv) LYNN CHAO AND (v) THE LAW OFFICES OF LYNN CHAO, A.P.C. TO APPEAR AND SHOW CAUSE WHY THIS COURT SHOULD NOT FIND THEM IN CONTEMPT AND IMPOSE SANCTIONS</u><br>[Ref.: Dkts. 95, 106, 107, 108, 111, 128, 131, 132, 133, 136, 137, 138, 139, & 140]<br><br><u>Original</u> Hearing Held<br>Date:   July 7, 2020<br>Time:   2:00 p.m.<br>Place:   Courtroom 1545<br>              255 E. Temple St.<br>              Los Angeles, CA<br><u>OSC Hearing:</u><br><u>Date:   August 19, 2020</u><br><u>Time:   9:00 a.m.</u><br><u>Place:   Courtroom 1545</u><br>              <u>255 E. Temple St.,</u><br>              <u>Los Angeles, CA</u> |

1

~~[Proposed]~~ ORDER

The Motion by Creditors Wei Dong, Wenrui Wang, and Zongzhi Hu for an OSC re Contempt (dkt. 95, "Motion for OSC") was heard at the above-described time and date.  Per the Court's attached Tentative Ruling, no appearances were required.  Nevertheless, Thomas J. Polis, Esq., appeared for himself, the Law Offices of Lynn Chao APC, and the debtor GL Master, Inc.  William G. Short appeared for the moving party.  Trustee Ed Wolkowitz appeared pro se.

The Court notes that the word "form" found in the second line of the second full paragraph of page 31 of the Tentative Ruling should be correct to read: "forum."  With that correction and the following additional amendments, the Court adopts its Tentative Ruling, attached hereto, as the ruling of the Court.

**[The following text has been added by this Court to the proposed form of this order.]**

**(1) Debtor and its designated Person Most Knowledgeable ("PMK"), Ms. Freda Wang**

The Alleged Employees request that this Court issue an Order to Show Cause ("OSC") against several persons.  Principal among those persons are Debtor and its PMK designee, Ms. Freda Wang.

The Alleged Employees assert that Ms. Wang and Debtor failed to comply with this Court's Order Granting Motion Authorizing 2004 Examination (dkt. 12, the "Debtor 2004 Order") because Ms. Wang was unprepared and/or unwilling to provide answers to several topics of questioning.  This Court is persuaded that the Alleged Employees papers establish more than sufficient grounds to issue the OSC.

One example is cited in this Court's (now adopted) Tentative Ruling, which was posted prior to the hearing: Ms. Wang's testimony concerning the alleged misuse of her signature stamp.  At the hearing on the Motion for OSC, Debtor's counsel argued that Ms. Wang has provided all information known to her and otherwise answered this line of questioning in good faith.

Having once again reviewed the record following the hearing, this Court remains unconvinced by Debtor's counsel and is mystified by his and Debtor's apparent attempts to deny the obvious.  By way of background, in response to the Motion for OSC, Ms. Wang provided a declaration in which she states that she "testified on January 30, 2020 that after [she] left employment of the Debtor in 2016, that various bookkeepers the Debtor used would use a 'signature stamp' to sign hundreds of checks that [she] had absolutely no specific knowledge of." Dkt. 106, PDF p. 17, para. 5.  Ms. Wang further

states that she "also <u>testified</u> on January 30, 2020 that [she] had <u>no idea</u> where any of the Debtor's bookkeepers or other financial management staff could be located" and that she has "<u>tried [her] best</u> to piece together the information requested." *Id.,* para. 6 & 11 (emphasis added).

First, Ms. Wang does not point to any specific excerpts from the Rule 2004 examination transcript. Such a half-hearted response inappropriately places the burden on the Alleged Employees and this Court to hunt through the transcript for her alleged testimony. That leaves the Alleged Employees and this Court either to conclude that her declaration falsely alleges what she actually testified, or that she must be referring to some other portion of the deposition transcript that she has failed to provide. Ms. Wang's half-hearted response may constitute a waiver or forfeiture of Debtor's and her argument that she adequately responded. *See generally Hamer v. Neighborhood Housing Svcs.,* 138 S.Ct. 13, 17 n.1 (2017) ("Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right.") (citations and internal quotation marks omitted); *Independent Towers, WA v. Washington,* 350 F.3d 925, 929-930 (9th Cir. 2003) (issues forfeited when supported by "little if any analysis to assist the court" and when "[n]otably absent is any explanation of why" alleged legal doctrine applied or why "well-defined exceptions" did not apply; citing authority that court is not required to search out those things like buried "truffles").[1]

---

[1] In contrast to Debtor's failure to cite or provide deposition excerpts, the Alleged Employees cited and provided clearly marked excerpts of the deposition transcript that fully support their allegations about what occurred at the deposition. They also lodged a complete copy of the transcript under seal, after Debtor asserted that this was required by LBR 7030-1 (this Court assumes solely for purposes of this discussion, without deciding, that LBR 7030-1 is applicable, even though this is not an adversary proceeding, pursuant to Rule 9014(c) and (d) and 9017(c) or other applicable rules).

Debtor's failure to provide its own deposition excerpts is particularly notable because it simultaneously complains that the Alleged Employees' submission of excerpts was somehow defective. Having quoted LBR 7030-1(a)(3) (dkt. 106, pp. 11:5-12:7), Debtor clearly knew that it could have requested a complete copy of the deposition transcript from the Alleged Employees as stated in that local rule, so it has no apparent excuse for having failed to file relevant excerpts. *See, e.g.,* Rule LBR 7026-2(c).

But Debtor ignores its own non-compliance with the rules, and instead focuses on the Alleged Employees' alleged non-compliance with rules that, so far as this Court can tell, are completely irrelevant. For example, Debtor has objected both in writing and orally that the Alleged Employees did not make notations in the margin of the deposition transcript that allegedly are required by LBR 7030-1(b)(2). *See* dkt. 106, pp. 11:5-12:7. Debtor has never explained how this discovery dispute is governed by that LBR's requirement to note anticipated questions and answers "at trial" (which is part of the language that Debtor emphasizes in quoting LBR 7030-1(b)(2)). Nor has Debtor ever explained how it was prejudiced in the slightest way by whatever the Alleged Employees allegedly failed to do in compliance with the Local Rules. In these circumstances, this Court must conclude that Debtor is advancing frivolous arguments, and lacks standing to do so. *See, e.g., Summers v. Earth Island Inst.,* 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing."); *accord Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1549 (2016).

Second, from this Court's own re-review of the examination transcript (*e.g.,* dkt. 95, Ex. 8, pp. 46:4-48:23 *and* pp. 60:5-61:12) she did not actually testify as she now declares that she did. On the present record, it appears that she has fabricated such alleged testimony.

Third, in both the examination transcript and her subsequent declaration, her excuses are notable for her conclusory statements without supporting information. For example, she declares that in her examination she "tried [her] best to piece together the information requested" (dkt. 106, p. 18, ¶ 11) but nowhere in that declaration or in the excerpts from her examination testimony does she allege <u>how</u> or <u>when</u> she "tried her best," <u>what</u> efforts she undertook to "piece together" any information, <u>what</u> documents she looked at (if any), <u>whom</u> she consulted (if anyone), <u>what</u> responses she received, <u>why</u> she concluded that Debtor had no relevant discovery to produce on a host of topics, or anything else to support her bald assertions. Again, her and Debtor's half-hearted effort to comply with their discovery obligations, or even respond to the issues raised in the Alleged Employees' motion for an OSC, may constitute a waiver or forfeiture of these issues. *See generally, e.g., Independent Towers, WA,* 350 F.3d 925, 929-930 (9th Cir. 2003).

Fourth, this Court's reference to the signature stamp testimony was only intended to serve as an example of the Alleged Employees' allegations that Ms. Wang disregarded this Court's 2004 Order. Paragraph 5 of the 2004 Order provides that "GL Master, Inc.'s designee(s) **shall be prepared to testify** . . . on the topics listed in Exhibit A of the [Rule 2004 Examination] Motion." Dkt. 12, p.3, para. 5 (emphasis added). That Exhibit A lists, among other things, numerous other topics on which Ms. Wang was questioned, but on which she appears to have been unprepared and/or unwilling to respond:

> Q: All right. Are you familiar with GL Master's investments and assets since 2014?
> A: No.
> Q: Did you try to get yourself prepared to discuss that topic?
> A: No.
> Q: Are you familiar with GL Master, Inc.'s interactions with other restaurants?
> A: No.
> Q: Did you do anything to try to get yourself prepared about that?
> A: No.
> Q: Do you know anything about in particular GL Master's transactions with XFY Houston, LLC?
> A: No.
> Q: Little Sheep Edison, LLC?

4
[Proposed] ORDER

      A: No.
      Q: Little Sheet Flushing, LLC?
      A: No.
      Q: And Hot Pot City, LLC in San Francisco?
      A: No.  [Dkt. 95, Ex. 8, pp.30:24-31:19. *See also, e.g., id.,* pp. 35:9-36:4; pp. 37:8-41:16.]

Debtor and Ms. Wang offer no meaningful explanation in opposition to the Motion for OSC to address this, even though the Alleged Employees had been pressing for months for Debtor to designate a PMK who actually qualified as such.  *See* dkt. 95, Ex. 14, p. 3 of 4 (objecting to prior designee's complete lack of knowledge, and citing *Sony Elecs., Inc. v. Soundview Techs., Inc.,* 217 F.R.D. 104 (D. Conn. 2002) ("Pursuant to Rule 30(b)(6), the deponent must make a conscientious good-faith endeavor to designate persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed … as to the relevant subject matters.") (internal quotations and citations omitted)).

The Alleged Employees point to other instances in which Ms. Wang/Debtor failed and refused to answer questions pertinent to their theory of Debtor's business and the shutting down of that business and transfer of its tangible and intangible assets.  For example, although Ms. Wang testified that she worked for Debtor without pay, and worked for apparently affiliated entities, she/Debtor failed and refused to answer questions about the nature of that work.  *See* dkt. 95, pp. 14:12-16:17.  She/Debtor also failed and refused to answer questions on grounds of the attorney-client privilege, without providing grounds for doing so, as discussed below.

None of the foregoing is intended to limit in any way the scope of acts and omissions about which the Alleged Employees object.  Rather, the foregoing is intended to provide Debtor, its counsel, and Ms. Wang – who purport not to understand what else they possibly could have done to comply with their discovery obligations – with a further explanation of how this Court understands the Alleged Employees' objections, and this Court's concerns.

For all of the foregoing reasons, Debtor and Ms. Wang are directed to appear and show cause why this Court should not find them in contempt of the Debtor 2004 Order and impose compensatory and coercive sanctions for (a) Debtor's failure to designate an appropriate PMK, (b) Ms. Wang's

failure to prepare herself appropriately to address the Alleged Employees' topics for discussion, and/or (c) Ms. Wang's unwillingness to provide adequate responses to the Alleged Employees' questions.

**(2) Debtor's Counsel, Mr. Thomas J. Polis, Esq.**

The Alleged Employees argue that Mr. Polis should be held in contempt for (a) instructing Ms. Wang not to answer questions to various topics (*see* dkt. 95, p.12:10-16) and (b) invocation of the attorney-client privilege as a basis for Ms. Wang to not answer the Alleged Employees' questions despite the chapter 7 trustee's waiver of the debtor's pre-petition attorney client privilege (*see* dkt. 95, p.7:25) and the Alleged Employees' contention that post-petition attorney-client privilege had been waived with respect to certain emails that had already been produced by Debtor during earlier discovery (*see* dkt. 95, p.20:3-23). *See also, e.g.,* dkt. 95, Ex. 8, pp. 73:19-75:11 *and* Ex. 9.

In the tentative ruling (attached), this Court limited its discussion concerning Mr. Polis' alleged contemptuous conduct to whether Mr. Polis had satisfactorily explained his instructions to Ms. Wang to not answer questions on attorney-client privilege grounds despite the Chapter 7 Trustee's waiver. At the hearing, Mr. Polis argued that his instructions were appropriate because the Chapter 7 Trustee can only waive a debtor's pre-petition attorney-client privilege and cited *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343 (1985).

First, while Mr. Polis' summary of the Supreme Court's decision is accurate, he fails to explain why he did not raise the argument in response to the Motion for OSC or clearly differentiate between pre- and post-petition privileges in his papers. The Alleged Employees and this Court should not have to piece together what he might or might not be asserting. Nor do his responsive papers address the Alleged Employees' contention that the debtor waived its post-petition attorney-client privilege by voluntarily turning over certain documents. *See, e.g., Independent Towers, WA v. Washington,* 350 F.3d 925, 929-930 (issues forfeited when supported by "little if any analysis to assist the court" and when "[n]otably absent is any explanation of why" alleged legal doctrine applied or why "well-defined exceptions" did not apply).

Accordingly, Mr. Polis is directed to appear and show cause why this Court should not find that he and Debtor have waived and forfeited any objection on that basis and find him and Debtor in

contempt of the Debtor 2004 Order for instructing Ms. Wang not to answer the Alleged Employees' questions.

**(3) The Law Offices of Lynn Chao, A.P.C. ("Chao")**

With respect to whether to issue an OSC against Chao for its failure to comply with the Order Granting Motion Authorizing 2004 Examination (dkt. 25, 40, the "Chao 2004 Order"), the Alleged Employees argue that Chao's PMK designee, Ms. Lynn Chao, Esq., should be held in contempt because Ms. Chao was unable to confirm whether her firm (Chao) had produced all responsive documents to items 32, 33, 35, or 36 of the Alleged Employees' requests for production (dkt. 20, Ex. B), concerning communications between Debtor and Mr. Xiao "Shawn" Wang. Dkt. 95, p.16:18-18:7.

In response to the Motion for OSC, the Responding Parties' submitted declarations from Ms. Chao and Mr. Wang. Ms. Chao represents that she appeared for the examination, answered all questions to the best of her knowledge and belief and that her office has produced all documents reasonably within their possession. Dkt. 106, Chao Decl., pdf p. 14, para. 5 & 6. Similarly, Mr. Wang represents that Chao has turned over all documents requested by the Alleged Employees. Dkt. 106, Mr. Wang Decl., pdf p. 16, para 4. But neither party satisfactorily addresses the Alleged Employees' contention that during the deposition Ms. Chao was unable to confirm that all emails between Mr. Wang and Debtor had been produced, despite the Alleged Employees' inclusion of relevant excerpts from the Chao deposition:

> Q: So you have asked Shawn Wang to print out every communication that your office had with GL Master, and then he provided a stack of documents to you?
> A: Correct.
> Q: Is it your understanding that Mr. Wang printed those e-mails out of his office server?
> A: I don't know.
> Q: Do you know whether that stack of documents included his personal g-mail account?
> A: I don't know.
> Q: You didn't ask him?
> A: No. [Dkt. 95, Ex. 10, p. 112:10-17.]
>
> ***
>
> Q: Do you have a policy whereby Mr. Wang can use both your particular lynnchao.com e-mail address as well as using his own personal gmail account when conducting business?

       A: It's pretty liberal in my office.
       Q: Say it again?
       A: It's pretty liberal in the office. [Dkt. 95, Ex. 10, p. 113:10-16.]

In addition, Chao appears to have listed certain emails on her privilege log despite the fact that previously they were produced, and although the Alleged Employees have challenged how the attorney-client privilege was not waived for forfeited by that production, Chao, Debtor, and Mr. Polis have not cited any authority or provided any analysis on that issue.

Accordingly, Chao and Ms. Chao are directed to appear and show cause why this Court should not find them in contempt of the Chao 2004 Order and impose compensatory and coercive sanctions for Ms. Chao's failure to properly prepare for the examination and/or her unwillingness to provide adequate responses to the Alleged Employees' questions.

**(4) Remote trial procedures for the OSC hearing**

As set forth in the attached (and now adopted) Tentative Ruling, in view of ongoing health concerns arising from COVID-19, this Court finds that good cause and compelling circumstances exist to conduct an evidentiary hearing on the OSC via Zoomgov at the time and place stated in the caption of this order. *See* Rule 43(a) (Fed. R. Civ. P.) (incorporated by Rule 9017, Fed. R., Bankr. P.). Such procedures are appropriate (a) because the Responding Parties have not identified any basis to find that they would be prejudiced by having to conduct direct and cross examination through video transmission either in their paper filings (dkt. 136, p.6:24-7:3) or orally at the hearing (*see F.T.C. v. Swedish Match N. Am., Inc.,* 197 F.R.D. 1, 1 (D.D.C. 2000) (noting lack of prejudice to non-movant resulting from live video testimony)), and (b) because this Court believes appropriate procedural safeguards can be implemented to ensure that the communication will have sufficient reliability comparable to live testimony (*see e.g., Ransom v. Herrera*, 2018 U.S. Dist. LEXIS 13261, at *3 (E.D. Cal. Jan. 25, 2018) ("because a witness testifying by video is observed directly with little, if any, delay in transmission, video testimony can sufficiently enable cross-examination and credibility determinations, as well as preserve the overall integrity of the proceedings")).

At the above-captioned hearing this Court directed the parties to meet and confer and the lodge a proposed order (or, if they could not agree, separate proposed orders) establishing procedures for that OSC hearing. This Court reiterates that the parties are directed to review the model order for remote

trial procedures available on the undersigned Bankruptcy Judge's portion of this Court's website (www.cacb.uscourts.gov) and meet and confer to establish agreeable procedures; but meanwhile in the absence of any lodged orders from the parties this Court hereby adopts the hearing date set forth in the caption.

The deadline for the Responding Parties' briefs to be filed and served is **August 4, 2020**. The deadline for the Alleged Employees' responsive brief is **August 11, 2020**, which is also the deadline for the parties to lodge proposed order(s) for the evidentiary hearing procedures. The failure of any party to meet and confer and/or agree to terms of a proposed form of order will be deemed as that party's consent to the procedures adopted by this Court and any arguments of prejudice will be deemed waived and forfeited.

###

Date: July 24, 2020

Neil W. Bason
United States Bankruptcy Judge

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, July 7, 2020**      Hearing Room    **1545**

<u>2:00 PM</u>
**2:18-24302    GL Master Inc**     **Chapter 7**

   **#1.00**  Order to Show cause re: Civil Contempt Against GL Master Inc., and Sanctions Against Polis & Associates, PLC

         Docket     0

**Tentative Ruling:**

Grant as set forth below. <u>Appearances are not required</u>.

Pursuant to Judge Bason's COVID19 Procedures, **<u>ONLY TELEPHONIC APPEARANCES WILL BE PERMITTED</u> until further notice**. Please contact CourtCall at (888) 882-6878 to make arrangements for any telephonic appearance. There is no need to contact the Court for permission. Parties who are not represented by an attorney will be able to use CourtCall for free through 8/31/20. Attorneys will receive a 25% discount (for more information, see www.cacb.uscourts.gov, "Judges," "Bason, N.," "Telephonic Instructions").

    *Proposed order:* The Alleged Employees are directed to lodge a proposed order via LOU within 7 days after the hearing date, and attach a copy of this tentative ruling, thereby incorporating it as this Court's final ruling, subject to any changes ordered at the hearing. *See* LBR 9021-1(b)(1)(B).

<u>Current issues</u>
(1) <u>Alleged employees' motion for issuance of OSC re contempt (dkt. 95, "Motion for OSC"), Law offices of Lynn Chao, APC ("Chao") and Debtor's opposition papers (dkt. 106, 107, 108), Alleged employees' reply (dkt. 111), Order setting hearing on Motion for OSC (dkt. 128), Alleged employees' supplemental papers (dkt. 131, 132, 133), Ms. Chao/Debtor's supplemental opposition papers (dkt. 136, 137), Alleged employees' supplemental reply papers (dkt. 138, 139, 140)</u>
     The tentative ruling is to overrule Ms. Chao/Debtor's evidentiary objections on all of the grounds asserted by the Alleged Employees, grant the Motion for OSC and, for the reasons stated in the Alleged Employees' papers, issue an order to show cause ("OSC") directing Ms. Chao, Mr. Polis,

# United States Bankruptcy Court
# Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, July 7, 2020**                                                                 **Hearing Room    1545**

2:00 PM
**CONT...    GL Master Inc                                                                        Chapter 7**

Ms. Wang and debtor (collectively, the "Responding Parties") to appear and **show cause** why this Court should not find them in contempt and impose compensatory and coercive sanctions, including coercive sanctions in a daily amount for each day **from the date of this hearing** that they fail to produce the requested discovery.

(a) <u>The Alleged Employees have made a sufficient showing to warrant issuance of an OSC</u>

The Alleged Employees request the issuance of an OSC re contempt and sanctions against the Responding Parties for their alleged failure to comply with this Court's 2004 Orders (dkt. 25, 30).  For example, the Alleged Employees' contend that Ms. Fang (aka Freda) Wang appeared for examination on 1/30/20 as debtor's designated "person most knowledgeable" but Ms. Wang was not prepared to address several of the Alleged Employees' topics of questioning (dkt. 95, p.9:9-12:8), including a line of questioning about the alleged misuse of her signature stamp. *Id.*, p.12-17-13:6.

In response to the Motion for OSC, the Responding Parties admit that Ms. Wang was not prepared to speak to that issue and argue that the stamp was used after she resigned and without her knowledge.  Dkt. 106, p.9:4-10.  But the Responding Parties have not cited any authority to persuade this Court that, even if Ms. Wang's testimony is true, she would be excused from taking steps **prior to** the examination to inform herself about the circumstances surrounding the use of her signature stamp or obtain information about how to contact the employees who allegedly used her stamp without her knowledge.

Similarly, Mr. Polis has failed to explain satisfactorily his instructions to Ms. Wang not to answer questions on attorney client privilege grounds, despite his knowledge that the Chapter 7 Trustee had already **waived** that privilege.  And Ms. Chao has failed to satisfactorily explain all efforts undertaken to produce responsive documents (dkt. 95, p.16:19-18:7) or confirm that she had complied in good faith with the Alleged Employees' document requests.

Therefore, the tentative ruling is that there is more than sufficient cause to issue the OSC to address what coercive and compensatory sanctions this Court should impose for the Respondents' failure to comply with this Court's discovery orders without a sufficient showing of any

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, July 7, 2020**                                                                 Hearing Room    1545

2:00 PM
CONT...          **GL Master Inc**                                                                                Chapter 7
legitimate inability to do so.

      (b) The requested discovery is pertinent to the administration of debtor's estate
      The Responding Parties object yet again that this Court is permitting discovery to go forward even though there is similar discovery taking place in connection with the pending State Court litigation.  If this is intended as a request to reconsider this Court's discovery orders, it is neither procedurally proper nor persuasive.  If, instead, it is intended as an excuse for not complying with this Court's discovery orders, it fails to meet the standards for showing that compliance was impossible and, again, it is not persuasive.
      This Court has previously explained why it is appropriate for discovery to continue in this form - including that Respondents' argument has been waived and forfeited because it was not raised until *after* the Alleged Employees had expended significant time and resources pursuing this information.  In addition, this Court points out that requested discovery is very much relevant to bankruptcy-specific issues that could not be asserted in State Court.
      For example, the discovery is relevant to assessing whether there are grounds to bring a motion for substantive consolidation of Debtor and the entities to which Debtor allegedly transferred funds or other assets.  The discovery is also relevant to assessing whether there are grounds to pursue avoidance actions that might only be available in this bankruptcy case (the filing of which may have preserved actions that were available as of the commencement of this case, and as to which applicable statutes of limitation could apply but for statutory or equitable bankruptcy tolling principles).  The discovery is also relevant precisely because the scope of discovery under Rule 2004 (Fed. R. Bankr. P.) is intentionally very broad (it has been described as a legitimate "fishing expedition"), because when a debtor in bankruptcy asserts that it lacks the ability to pay its creditors, it is appropriate to conduct a broad reaching examination of its "acts, conduct, or property" and its "liabilities and financial condition" and any other "matter which may affect the administration of the debtor's estate ...."  Rule 2004(b).

      (c) No hearing at this stage
      The tentative ruling is to excuse appearances at today's hearing because the issue presently before this Court is only whether to issue the

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, July 7, 2020**                                                                                          Hearing Room    1545

2:00 PM
**CONT...    GL Master Inc**                                                                                                   Chapter 7

OSC.  The tentative ruling is that the Alleged Employees have provided more than enough grounds to issue the OSC, and the OSC itself will provide all parties with an opportunity to file briefs regarding (i) whether compensatory and coercive sanctions are appropriate for the Respondents' non-compliance with this Court's discovery orders, (ii) from what date, (iii) in what dollar amounts, and (iv) with what schedule and procedures for briefs and an evidentiary hearing on those issues.

The parties are directed to meet and confer regarding the proposed form of such OSC.  As set forth at the start of this tentative ruling, the Alleged Employees must lodge their proposed form of order within seven days of this hearing date.  In addition, as stated in the posted Procedures of Judge Bason (available at www.cacb.uscourts.gov), Judge Bason typically does not hold orders for any set period of time before issuing them so, if there is any disagreement regarding the form or substance of a proposed order, parties are directed to contact chambers and lodge an alternative proposed order as soon as possible.

The parties are advised that a "Sanctions Table" is posted on this Court's website, under Judge Bason' portion of that website, as a research tool for all parties in matters before this Court.  As noted on that Sanctions Table, it is only a starting point for research, and all parties must Shepardize any cited authorities and otherwise satisfy their research obligations.

(2) Future proceedings
   (a) Discovery
The tentative ruling is that, in view of ongoing health concerns arising from COVID-19, the parties are directed to meet and confer to discuss their availability for continued oral examinations via video within the next two weeks and then contact Chambers with their available dates.  The tentative ruling is that Judge Bason will attend any such examinations via audio or video technology, and will rule on any objections as they arise.  The tentative ruling is to use Zoomgov, because it is more secure than regular Zoom, and can be initiated by this Court and recorded on this Court's audio recording system which may be useful for future factfinding and rulings.

The tentative ruling is that once the parties have tentatively arranged for the dates of the examinations, they are directed to contact chambers to verify the availability of Judge Bason on each date.  Once the dates are finalized, Judge Bason will email Zoomgov invitation links for each of the

# United States Bankruptcy Court
# Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, July 7, 2020**                                                                 **Hearing Room**    **1545**

**2:00 PM**
**CONT...    GL Master Inc**                                                                                **Chapter 7**

dates to the Alleged Employees' counsel, who will then be instructed to circulate the link with participating parties.

The parties are also directed to meet and confer regarding agreeable dates, in advance of the oral examinations, for a supplemental document production. Those dates must be <u>sufficiently far in advance</u> of the oral examinations to provide the Alleged Employees' counsel with adequate time to review the documents and prepare questions based on those documents.

(b) <u>Scheduling the OSC evidentiary hearing</u>
The parties are directed to meet and confer to discuss an agreeable day, that does not conflict with Judge Bason's posted hearing dates, for this Court to conduct an evidentiary hearing on the OSC via Zoomgov during or approximately on the dates of 8/17/20 through 8/21/20. The tentative ruling is to conduct that hearing starting at 9:00 a.m. on Wednesday 8/19/20.

If appearances are <u>not</u> required at the start of this tentative ruling but you wish to dispute the tentative ruling, or for further explanation of "appearances required/are not required," please see Judge Bason's Procedures (posted at www.cacb.uscourts.gov) then search for "tentative rulings." If appearances <u>are</u> required, and you fail to appear without adequately resolving this matter by consent, then you may waive your right to be heard on matters that are appropriate for disposition at this hearing.

| Party Information |
|---|

**Debtor(s):**

  GL Master Inc                                       Represented By
                                                        Thomas J Polis

**Trustee(s):**

  Edward M Wolkowitz (TR)                             Pro Se